UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERWIN GARCIA, an individual and EMMA GARCIA, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>AMERICA'S SERVICING COMPANY aka WELLS FARGO HOME MORTGAGE, a corporation and DOE I through X inclusive,<br><br>        Defendant. | Case No.: 2:10-cv-0577-RLH-LRL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#4) |

Before the Court is Defendant America's Servicing Company aka Wells Fargo's **Motion to Dismiss Complaint, or in the Alternative, for Summary Judgment and for Release of Lis Pendens** (#4), filed April 28, 2010. The Court has also considered Plaintiff Edwin Garcia and Emma Garcia's Opposition (#10), filed May 19, 2010, and Wells Fargo's Reply (#12), filed June 2, 2010.

**BACKGROUND**

On January 20, 2006, the Garcias purchased the property located at 5594 Chesnut Street in Las Vegas, Nevada, apparently through a home mortgage loan with Wells Fargo. Sometime after entering into the mortgage agreement, the Garcias fell behind on their monthly loan payments. The Garcias allege they later entered into discussions with Wells Fargo regarding a modification of their home loan. According to the Garcias, Wells Fargo told them it would

1

AO 72
(Rev. 8/82)

accept a loan modification, but subsequently filed a Notice of Default and Election to Sell with the Clark County Recorder's Office on December 22, 2008.

On February 24, 2010, the Garcias filed suit in Nevada state court against Wells Fargo alleging claims for (1) promissory estoppel; (2) wrongful foreclosure/quiet title; (3) tortious misrepresentation; and (4) preliminary/permanent injunction. On April 21, Wells Fargo removed the case to this Court on the basis of federal diversity jurisdiction. Now before the Court is Wells Fargo's Motion to Dismiss, or in the Alternative, for Summary Judgment and for Release of Lis Pendens. For the reasons discussed below, the Court grants Wells Fargo's Motion.

## DISCUSSION

The Court addresses Wells Fargo's alternative motion for summary judgment because the Garcias have stated sufficient facts against Wells Fargo on at least one of their claims to withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### I.      Legal Standard

A court will grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In evaluating a motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

The movant bears the burden of showing that there are no genuine issues of material fact. *Id.* "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102

(9th Cir. 2000). Once the movant satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

**II.     Analysis**

The crux of the Garcia's claims against Wells Fargo is their allegation that Wells Fargo told them they would modify their loan, but nonetheless foreclosed on the property after the Garcias failed to comply with the terms of the original loan. The Garcia's claims for promissory estoppel, misrepresentation, and wrongful foreclosure/quiet title are all based on this factual assertion.

The Court grants Wells Fargo's motion for summary judgment because the Garcias have brought forth no evidence to support their assertion that Wells Fargo agreed to a loan modification. The Garcias have not submitted any written statement from Wells Fargo to this effect or any testimonial evidence indicating that Wells Fargo verbally made such a promise. In fact, the only exhibit the Garcias attach to their opposition is their complaint, in which they state that they "believe[] . . . Defendants have misrepresented true fact[s]" to them. (Dkt. #10, Opp'n 5.) Although the Garcia's belief on this issue may be sufficient to state a claim, it is not enough to withstand a motion for summary judgment. The Garcias have the burden of showing that a genuine factual issue exists that justifies going trial. *Zoslaw*, 693 F.2d at 883. Because the Garcias have not provided the Court with evidence to support their factual assertions, Wells Fargo is entitled to summary judgment on their claims for promissory estoppel, misrepresentation, and wrongful foreclosure/quiet title. Furthermore, because the Court grants summary judgment on

these claims, it also grants Wells Fargo's motion for summary judgment on the Garcia's claim for permanent/preliminary injunction. Without a viable underlying cause of action, the Garcias are not entitled to any sort of injunctive relief in this case. Accordingly, the Court grants Wells Fargo's motion for summary judgment in its entirety.

The Court also grants Wells Fargo's motion to release the lis pendens. NRS 14.010 states that in an action "affecting the title or possession of real property, the plaintiff . . . shall record with the recorder of the county in which the property . . . is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the property." A lis pendens expires when the underlying claims upon which the lis pendens is based are resolved. *See Lee v. Duncan*, 88 Conn. App. 319, 327 (2005); *Vance v. Lomas Mortg. USA, Inc.*, 263 Ga. 33, 35 (1993). The Court grants Wells Fargo's motion to release the lis pendens because the Garcias no longer have outstanding causes of action relating to the title or possession of the property at issue.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Wells Fargo's Motion to Dismiss, or in the Alternative For Summary Judgment, and For Release of Lis Pendens (#4) is GRANTED.

The Clerk of the Court is ordered to close this case.

Dated: August 4, 2010.

_____
ROGER L. HUNT
Chief United States District Judge